# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 19-cv-62351-BLOOM/Valle

REVIVAL FAITH CENTER
MINISTRIES, INC.,

      Plaintiff,

v.

SCOTTSDALE INSURANCE
COMPANY,

      Defendant.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. Plaintiff Revival Faith Center Ministries, Inc. ("Plaintiff"), originally filed this action on June 6, 2018, for insurance coverage in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. ECF No. [1-2] at 6-8 ("Complaint"). On September 20, 2019, Defendant Scottsdale Insurance Company ("Defendant") removed the case to federal court. ECF No. [1] ("Notice"). The Court has carefully reviewed the Notice, the record, and applicable law.

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, a lawsuit must satisfy the jurisdictional prerequisites of either federal question jurisdiction, pursuant to 28 U.S.C. § 1331, or diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Diversity jurisdiction exists when the parties are citizens of different states, and the amount in controversy exceeds $75,000.00. *See id.* § 1332(a).

Moreover, a defendant must file the notice of removal within 30 days of being served with the initial pleading. *Id.* § 1446(b)(1). If an action is not initially removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). However, an action based on diversity jurisdiction may not be removed "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1). "If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith." *Id.* § 1446(c)(3)(B).

In the instant action, Plaintiff amended its Complaint on December 10, 2018. ECF No. [1-2] at 35-38 ("Amended Complaint"). The Amended Complaint sought damages in excess of $15,000.00, and attorney's fees. *Id.* at 35. On January 9, 2019, Defendant served Plaintiff with its First Set of Interrogatories and First Request for Production, the responses to which were due on February 9, 2019. *Id.* at 148. When Plaintiff failed to respond, Defendant filed its Motion to Compel Plaintiff's Discovery Responses ("Motion to Compel") on March 13, 2019. *Id.* at 152. On August 29, 2019, the state court granted Defendant's Motion to Compel and ordered that Plaintiff respond to any outstanding discovery requests by September 3, 2019. *Id.* at 160. On September 3, 2019, Plaintiff filed a Motion for Extension of Time to Comply with Court Order, *id.* at 172, which the state court had not ruled on as of the date of removal, *id.* at 2. On September 10, 2019, Plaintiff filed its Responses to Defendant's Request for Production, *id.* at 185, including an estimate of its

damages of $132,563.43, ECF No. [1-3]. Based upon this estimate of damages, Defendant filed its Notice of Removal before this Court. ECF No. [1].

With regard to jurisdiction, the Notice states that Plaintiff is a citizen of Florida and Defendant is an Ohio corporation with its domicile and principal place of business in Scottsdale, Arizona. *Id.* at 1. Thus, the Notice establishes the diversity of the parties. Additionally, the Notice states that the amount in controversy in the instant action exceeds $75,000.00, based on Plaintiff's estimate of damages of $132,563.43. *Id.* at 2. As such, Defendant has satisfied the jurisdictional prerequisites of diversity jurisdiction in this case. *See* 28 U.S.C. § 1332.

Defendant's Notice contends that removal here is timely, despite being more than one year after the commencement of this action, because (1) the action was removed within thirty days of Defendant's receipt of discovery indicating that the case was removable, and (2) Plaintiff acted in bad faith by refusing to provide its damage estimate until after the expiration of the one-year deadline to remove. ECF No. [1] at 3-5. Specifically, Defendant argues that Plaintiff acted in bad faith in delaying the production of its estimate of damages, which it had in its possession since March 17, 2018. *Id.* at 5. Defendant alleges that Plaintiff's refusal to produce its estimate of damages until after the one-year removal deadline had passed evidences Plaintiff's bad-faith attempt to prevent removal to federal court. *Id.* Thus, the question before the Court today is whether Plaintiff's delay in producing the estimate of damages constitutes bad faith.

To establish bad faith for the purposes of removal under § 1446(c)(1), a plaintiff must have "attempted to 'disguise the existence of the removability of the case until the one-year limitation ha[d] run.'" *Miami Beach Cosmetic and Plastic Surgery Ctr., Inc. v. UnitedHealthcare Ins. Co.*, No. 1:15-cv-24041, 2016 WL 8607846, at *4 (S.D. Fla. 2016) (quoting *Hill v. Allizanz Life Ins. Co. of N. Am.*, 51 F. Supp. 3d 1278, 1281 (M.D. Fla. 2014)); 28 U.S.C. § 1446(c)(3)(B) ("If the

notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith.").

Here, Defendants have not satisfied their burden that Plaintiff "deliberately failed to disclose the actual amount in controversy," 28 U.S.C. § 1446(c)(3)(B), or "attempted to disguise the existence of removability" until after the expiration of the one-year time limit, *Miami Beach Cosmetic and Plastic Surgery Ctr., Inc.*, 2016 WL 8607846, at *4. Of note, in its Amended Complaint, Plaintiff stated that it sought damages in excess of $15,000.00, but it did not also state that its damages were less than $75,000.00. *See Berosh v. Williams-Sonoma Stores, Inc.*, No. 16-23119-CIV, 2016 WL 10951817, at *3 (S.D. Fla. 2016) ("Plaintiff did not do anything to hide (i.e., intentionally fail to disclose) from Defendant the fact that the damages exceed $75,000. Although Plaintiff alleged only that the case exceeds $15,000 in the state court complaint, that basic allegation is not bad faith or an effort to hide the jurisdictional amount. Plaintiff did not also state in her complaint that the damages were less than $75,000.").

Moreover, Plaintiff specifically alleged that, after the property at issue was damaged during Hurricane Irma, it gave "timely notice to Defendants of such loss, and did thereafter deliver to [Defendant] a full and particular account of Plaintiff's expenses and losses as a result of the said accident." ECF No. [1-2] at 36-37. Thus, Defendant presumably possessed some information relating to the amount in controversy before the one-year deadline for removability had passed.

In addition, that Defendant had to file a Motion to Compel is not, in and of itself, sufficient to establish that Plaintiff acted in bad faith. The state court did not rule on Defendant's Motion to Compel until August 29, 2019 — almost three months after the deadline to remove had lapsed. ECF No. [1-2] at 6-8. The state court's delay cannot be imputed to Plaintiff in order to support an

allegation of bad faith. *See Berosh*, 2016 WL 10951817, at *3 (noting that delays caused by judge's cancelation of hearings did not support bad faith by plaintiff). As such, Defendants have not sufficiently established that Plaintiff's bad faith caused the delay in removal. Therefore, the Court concludes that removal in this case was untimely.

Accordingly, it is **ORDERED AND ADJUDGED** that this case is hereby **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is directed to **CLOSE** this case. All pending motions in this matter are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 1, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record